cases bearing upon this subject, as they have been very ably and fully collated and discussed in the recent opinion in Hutton v. Smith, filed in the Court of Appeals on the 9th of June, 1903 (not yet officially reported) 67 N. E. 633, which, as the latest expression of that court, it is our duty to follow. In O'Brien v. Weiler, 140 N. Y. 281, 35 N. E. 587, it was held that a witness was not precluded from testifying to a conversation between the testator and another in his presence, in which he took no part, although interested in the event. In commenting upon this decision and the cases cited in its support, Chief Judge Parker says in Hutton v. Smith, supra, that the rule was too broadly stated, and continues:

"It has now been limited to this extent, at least: that all conversations or transactions between persons since deceased and a third party in the presence or hearing of the witness may not be testified to by such witness if he by word or sign participated in the transaction or conversation, or is referred to in the course of it, or was in any way a party to it."

We assume, therefore, that, as thus limited, the rule in O'Brien v. Weiler is still the law in this state; and, as here Mrs. Farrar was asked only to state the conversation between the cashier of the bank and the deceased, and it does not appear that she had in such conversation, "by word or sign, participated," or that she was referred to therein, or that she was a party thereto, she was not, either under the O'Brien v. Weiler Case, supra, or under the decision in Hutton v. Smith, supra, disqualified.

For the error, therefore, in excluding her testimony, the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

(85 App. Div. 376.)

EDISON v. PRESS PUB. CO.

(Supreme Court, Appellate Division, First Department. July 7, 1903.)

1 PLEADINGS—STRIKING OUT ALLEGATIONS—REPLEADING ALLEGATIONS STRICKEN.

The original answer in an action for libel contained several defenses, and in the second defense to the first cause of action defendant pleaded in full certain facts on which it relied. In the other defenses these facts were set forth as follows: "The defendant repeats and realleges each and every paragraph of the second defense to the first cause of action, with like effect as if here fully set forth." Certain allegations in the second defense to the first cause of action were thereafter stricken out on plaintiff's motion, as irrelevant and immaterial. *Held* not to preclude defendant from inserting in the other defenses mentioned the allegations thus stricken out.

Appeal from Special Term, New York County.

Action by Thomas A. Edison, Jr., against the Press Publishing Company. From an order denying a motion to compel plaintiff to accept service of an amended answer, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

W. H. Van Benschoten, for appellant.
Louis Hasbrouck Newkirk, for respondent.

O'BRIEN, J. This is a libel action. The original answer contained several defenses, and in the second defense to the first cause of action the defendant set forth in full certain facts upon which it relied. In the third defense to the first cause of action, and in the second and third defenses to the second cause of action, these facts were set forth by an allegation as follows: "The defendant repeats and realleges each and every paragraph of the second defense to the first cause of action, with like effect as if here fully set forth." The plaintiff was successful in having stricken out on motion, as irrelevant and immaterial, certain allegations of the second defense to the first cause of action. As these were thus stricken out, the defendant could no longer refer to them, and therefore, in the other defenses, they were set forth in full. The plaintiff, however, refused to accept the amended answer in this form, claiming that the defendant had no right to insert, in the other defenses mentioned, the allegations which in the second defense to the first cause of action had been stricken out. The court at special term, having agreed in this view, denied the motion made by the defendant to compel the plaintiff to accept the amended answer.

We think this was error, and for the reason that allegations which may be irrelevant and immaterial, as they appear in one defense, may, as they appear in another defense, be relevant and material; and, as the plaintiff's motion was directed merely to striking out the allegations in one defense, the granting of such motion did not necessarily import a decision that they were improper as part of the subsequent defenses. We think, therefore, that, the defendant having in the amended answer omitted the objectionable features of the second defense to the first cause of action, which was the relief which the plaintiff sought on his motion, the latter was not warranted in insisting that such allegations be stricken from the subsequent defenses, but should have accepted the amended answer. It may be that upon a motion these allegations would be deemed irrelevant and immaterial with respect to the subsequent defenses, but upon that question the defendant is entitled to its day in court.

The order, therefore, should be reversed, with $10 costs and disbursements, and the motion granted, without costs, and with leave to the plaintiff, if he deems himself aggrieved, to move to strike out any objectionable matter contained in the subsequent defenses. All concur.